785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STEPHEN R. ROBICHAUD, Plaintiff-Appellant
v.
PIEDMONT AVIATION, INC., Defendant-Appellee.
 85-5206
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Stephen R. Robichaud appealed the district court's summary judgment for defendant Piedmont Aviation, Inc. (Piedmont) in this diversity action for breach of an implied contract of employment.
 
 
 2
 Robichaud was originally employed by Piedmont as a part-time station agent in Charlottesville, Virginia. In 1977, a full-time position became available in Louisville, Kentucky. Robichaud applied for the vacancy and was thereupon transferred to Lousiville to assume his new duties. No written contract of employment was executed by the parties, nor was Robichaud ever a party to a collective bargaining agreement.
 
 
 3
 Under certain company policies, employees were permitted to travel without charge on Piedmont flights on a space-available basis. On February 9, 1981, Robichaud boarded a Piedmont aircraft in Louisville as a non-revenue passenger terminating at Atlanta, Georgia. Robichaud boarded the aircraft with an open container of beer, together with a six pack of beer concealed in his carry-on luggage. He was advised by a flight attendant that federal regulations prohibited passengers from bringing open containers of alcoholic beverages onto aircraft. Robichaud acknowledged the rule.
 
 
 4
 Piedmont introduced testimony of plaintiff's drinking from the open container of beer during the flight, that he sprawled across three seats of the aircraft and that he deplaned during a stopover against the flight attendant's instructions.
 
 
 5
 The flight attendant reported the incident to Piedmont and Robichaud was discharged. Thereafter, Robichaud filed a complaint in federal district court alleging breach of an implied employment contract, bad faith discharge and intentional infliction of emotional distress.[2] After filing an answer to the complaint, Piedmont moved for summary judgment. The motion was supported by an affidavit attested by James R. Wilson, Piedmont's Vice President of Employee Relations. Wilson affied that Piedmont had no express or implied, written or oral contract of employment with Robichaud and further, that Robichaud's original signed employment application form incorporated an at-will termination clause which provided for plaintiff's termination at any time without advanced notice or liability.
 
 
 6
 Robichaud's counsel filed a brief in opposition to the summary judgment motion, supported by Robichaud's own affidavit. In this conclusory statement, he asserted that as a result of his 1977 pre transfer interview, he inferred that his employment was terminable only upon a showing of cause by the company. However, his affidavit failed to allege any operative facts, circumstances or statements to support his inference.
 
 
 7
 The district court granted summary judgment in favor of Piedmont, concluding that as a matter of law Robichaud's employment was terminable at will.
 
 
 8
 Upon consideration of the briefs and the entire record herein, the judgment of the district court is AFFIRMED for the reasons stated in Judge Ballantine's well-written opinion.
 
 
 
 [1]
 Hon. Richard F. Suhrheinrich, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [2]
 The district court dismissed the counts of the complaint which alleged intentional infliction of emotional distress, and Robichaud did not appeal from this dismissal. Additionally, in oral argument before this court, Robichaud stated his intention not to pursue a cause of action for bad faith discharge